UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 20-cr-0207-bhl-11

ALEXANDER MONETTE,

        Defendant.

## ORDER DENYING MOTION FOR SENTENCE MODIFICATION OR REDUCTION

        Defendant Alexander Monette pleaded guilty to Count One of an Indictment charging him with Distribution of Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (ECF No. 372.) On May 23, 2023, the Court sentenced Monette to thirty-six (36) months' imprisonment. (ECF No. 450.) Monette is currently housed at Federal Prison Camp Duluth in Duluth, Minnesota. (ECF No. 477-1); *see* https://www.bop.gov/inmateloc/. On March 6, 2024, Monette filed a *pro se* motion seeking a sentence adjustment under U.S.S.G. § 4A1.1(e) "Status Points" of Part A of Amendment 821. (ECF No. 477 at 1.) Because Amendment 821 does not result in a reduction in Monette's advisory guidelines imprisonment range, the Court will not disturb Monette's sentence.

        On April 27, 2023, the U.S. Sentencing Commission promulgated an amendment to the Sentencing Guidelines, sometimes referred to as Amendment 821, with an effective date of November 1, 2023. Part A of the amendment limits the impact of "status points" under Guideline § 4A1.1(e) on a defendant's criminal history score and category. Prior to the amendment, status points were added to a defendant's criminal history score if the defendant was found to have committed the instant offense "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *See* U.S.S.G. § 4A1.1(d) (U.S. Sent'g Comm'n 2021). The amendment now limits application of these status points to offenders who have seven (7) or more criminal history points. U.S.S.G. § 4A1.1(e). Status points are thus eliminated for defendants with six or less criminal history points. The amendment also decreases the impact of status points. Even where applicable, the amendment now provides for the addition of just one criminal history point, not two. *Id.* Part B of the amendment creates a new

guideline that provides a decrease of two offense levels for "zero-point offenders" (those with no criminal history points) whose offense did not involve specified aggravating factors. *See* U.S.S.G. § 4C1.1.

On August 24, 2023, the Sentencing Commission voted to give retroactive effect to Amendment 821, sometimes referred to as Amendment 825. The Commission also decided to require that any reduction in the term of imprisonment based on retroactive application of Amendment 821 would not be effective until February 1, 2024, or later. This delayed effective date is intended to give courts, probation officers, and the Bureau of Prisons time to process the motions and prepare release plans for individuals affected by the amendments. Thus, in sum, although Amendment 821 went into effect on November 1, 2023, "orders reducing a defendant's term of imprisonment" are not effective until "a date no earlier than February 1, 2024." U.S.S.G. § 1B1.10 cmt. n.7.

Monette's presentence report determined that he was assessed six criminal history points establishing a criminal history category of III. (ECF No. 434 at 24.) With a total offense level of 23 and a criminal history category of III, Monette's resulting advisory guidelines imprisonment range was 57 months to 71 months. (*Id.* at 32.) The Court sentenced Monette to 36 months' imprisonment, a variance well below the applicable guidelines range. Monette was not assessed any "status points" so Part A of Amendment 821 is not applicable to him. Monette also is not a "zero-point offender" and is not eligible for the applicable reduction. In this case, Monette pleaded guilty to involvement in the distribution of heroin in and around Racine and Kenosha, Wisconsin. The defendant's involvement was fueled, in part, by his own addictions. The Court's sentence reflected the seriousness of the offense and provided an opportunity for Monette to participate in programming to address his substance abuse issues. According to the defendant, he has done just that – he has remained focused on his rehabilitation, avoided disciplinary action, completed over 5 courses, and is a productive worker in the ACE program, a program awarded to inmates with a clean disciplinary history. (ECF No. 477 at 3.) Monette is to be commended for taking advantage of the opportunities afforded to him by the Bureau of Prisons; it is what the Court hoped and expected. Nonetheless, Monette's advisory guidelines imprisonment range has not changed and the Court's imposition of thirty-six (36) months' imprisonment remains the appropriate sentence.

Accordingly,

**IT IS ORDERED** that the defendant's motion seeking a sentence adjustment under U.S.S.G. § 4A1.1(d), revised as § 4A1.1(e), "Status Points" of Part A of Amendment 821, ECF No. 477, is **DENIED**.

Dated at Milwaukee, Wisconsin on March 13, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG